OPINION
{¶ 1} On May 16, 2001, Village of Crooksville Police Officer Chad Mills made a routine traffic stop of appellant, Frederick Ferguson. Upon contact with appellant, Officer Mills detected an odor of alcohol. Officer Mills asked appellant to perform field sobriety tests, particularly, the walk and turn test and the one-leg stand test. Thereafter, Officer Mills charged appellant with operating a motor vehicle while under the influence of alcohol in violation of R.C.4511.19(A)(1), unsafe vehicle in violation of R.C. 4513.021 and loud exhaust in violation of R.C. 4513.22.
 {¶ 2} On August 24, 2001, appellant filed a motion to suppress the field sobriety tests and the results therefrom. A hearing was held on November 29, 2001. By judgment entry file February 21, 2002, the trial court denied said motion.
 {¶ 3} On March 21, 2002, appellant pled no contest. By judgment entry filed April 17, 2002, the trial court found appellant guilty and sentenced him to ninety days in jail, eighty days suspended, and imposed fines and costs.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS THE STANDARDIZED FIELD SOBRIETY TESTS AND THE RESULTS THEREFROM BY APPLYING A SUBSTANTIAL COMPLIANCE STANDARD RATHER THAN A STRICT COMPLIANCE STANDARD TO THE STANDARDIZED TESTING PROCEDURES."
 I {¶ 6} Appellant claims the trial court erred in denying his motion to suppress. We disagree.
 {¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 8} Appellant claims the trial court erred in using a "substantial" compliance standard as opposed to a "strict" compliance standard in determining the admissibility of the field sobriety tests. In his motion filed August 24, 2001, appellant requested the suppression of "the field sobriety test and all results therefrom" based upon the arresting officer's failure "to strictly comply with the field sobriety testing standards set forth by the National Traffic and Highway Safety Administration." By judgment entry filed February 21, 2002, the trial court considered the evidence presented at the hearing under the standard set forth in State v. Homan 89 Ohio St.3d 421, 2000-Ohio-212, and found substantial compliance:
 {¶ 9} "Based upon the evidence presented, the Court FINDS that while the Horizontal Gaze and Nystagmus test was not conducted due to the fact that the officer is not certified to do the same, that the test conducted on the Walk and Turn and the One Legged Stand was in substantial compliance with Highway Traffic and Safety Manual with the exception of the officer not knowing that the Defendant could start with either foot. The Court FINDS that there was no substantial deviation from the procedures set forth in said manual."
 {¶ 10} In Homan at paragraph one of the syllabus, the Supreme Court of Ohio held "[i]n order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." The Homan court, at 424, reasoned "[w]hen field sobriety testing is conducted in a manner that departs from established methods and procedures, the results are inherently unreliable."
 {¶ 11} On cross-examination, Officer Mills conceded to not following the National Traffic Highway Safety Administration Manual. T. at 13-16. Pursuant to Homan, if field sobriety tests are used to determine probable cause to arrest, strict compliance is necessary. TheHoman court excluded the tests, but went on to hold "[t]he totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where, as here, the test results must be excluded for lack of strict compliance."Homan at 427.
 {¶ 12} In the case sub judice, prior to stopping appellant's vehicle, Officer Mills observed appellant fail to signal and miss hitting a stop sign "within a couple of inches." T. at 3. In addition, Officer Mills noted appellant "[t]hrew a bear can out window while going down road, namely Old Milwaukee." See, Village's Exhibit A, Impaired Driver Report Form. Upon speaking with appellant, Officer Mills "could smell an odor of alcoholic beverage on or about his person." T. at 3. Appellant admitted to having "a couple" alcoholic beverages that evening. T. at 3-4. As in Homan, the record sub judice supports probable cause to arrest appellant apart from the field sobriety tests.
 {¶ 13} In reading appellant's motion to suppress, it appears the motion also addressed the use of the tests at trial. In Homan at 429, Judge Rocco, sitting for Justice Resnick, wrote a concurring opinion wherein he stated he "would extend the court's holding here to explicitly state that field sobriety test results are admissible at trial only if the officer strictly complied with standardized testing procedures." However, in State v. Weirtz (September 30, 2002), Delaware App. No. 02-CA-C-06032, and State v. DeLong, Fairfield App. No. 02CA35, 2002-Ohio-5289, this court held Homan's strict compliance standard applies solely to the issue of probable cause to arrest. The admissibility of an officer's observations in non-scientific tests such as the walk and turn test and the one-leg test is within the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. As we stated inWeirtz at 6:
 {¶ 14} "Any testimony concerning the defendant's performance would be subjected to cross-examination and defense counsel could question any inadequacy regarding the administration of the tests. Upon conviction, the presentation of this evidence could then be subjected to appellate review as a discretionary evidentiary ruling. Lastly, we note the Homan majority chose not to adopt Judge Rocco's concurring opinion and extend their holding to use at trial."
 {¶ 15} Upon review, we find the trial court did not err in denying appellant's motion to suppress.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the County Court of Perry County, Ohio is hereby affirmed.
By Farmer, J. and Wise, J. concur.
Hoffman, P.J., dissents.
topic: motion to suppress field sobriety tests — Homan.